# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TYREE BUSH,** : **CIVIL ACTION**
      **Petitioner,** :
       :
   **v.** :
       :
**JOHN KERESTES, et al.** : NO.   **10-4308**
      **Respondents.** :

## MEMORANDUM AND ORDER

**LYNNE A. SITARSKI**                        **DATE: January 26, 2011**
**UNITED STATES MAGISTRATE JUDGE**

Presently pending before the Court is Petitioner's *pro se* petition for a federal writ of

habeas corpus. In this petition, filed on August 23, 2010, under 28 U.S.C. § 2254, Petitioner has

asserted two claims:

> (1) that his waiver of his right to a trial by jury was insufficiently knowing and intelligent; and

> (2) that the evidence presented at his trial was insufficient to sustain his convictions.

In its response to Petitioner's habeas petition, Respondents have noted that Petitioner

currently has a petition filed pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"),

42 Pa. Cons. Stat. § 9541 *et seq.*, pending in the Court of Common Pleas of Philadelphia. The

PCRA petition relates to the sentence imposed for the convictions at issue in the instant petition.

However, the PCRA petition contains claims of ineffective assistance of counsel that are not

presented in the instant habeas petition. Respondents have requested that this Court determine

whether Petitioner wishes to proceed with his habeas petition as filed, notwithstanding the fact

that the claims Petitioner has pending in the state court are not included in the instant petition.

Alternatively, Petitioner may withdraw the instant habeas petition and file an all-inclusive habeas petition after the currently pending claims are exhausted in the state courts.

Because of the AEDPA's restrictive effect on successive habeas petitions and "out of a sense of fairness," I will provide Petitioner with notice of the effect that a ruling on the merits of the claims in his instant habeas petition may have on the claims still pending in the state court. *See Holden v. Mechling*, 133 Fed. Appx. 21, 22 (3d Cir. 2005) (*citing Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000) (as a result of AEDPA's limitation on second or successive habeas petitions, it is essential that petitioners include in their first petition all potential claims for which they might desire to seek review)).

Petitioner may only file one habeas petition for the conviction at issue, absent very specific and rare circumstances. Thus, I hereby order Petitioner to clarify whether he would like this Court to:

> 1. rule on his habeas petition as filed, and lose the opportunity to have the claims presented in his pending state court petition reviewed by this federal habeas court; or

> 2. withdraw his current habeas petition, submit another habeas petition after the state courts have ruled upon his pending claims, and include those claims in one all-inclusive habeas petition.

It is important for Petitioner to understand that if he chooses to withdraw his petition and submit a new petition after the state courts have ruled upon his still pending claims, he must do so in compliance with the timeliness provisions of 28 U.S.C. § 2244. Section 2244(d) imposes a one year statute of limitations on petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Section 2244, as amended, provides that the one year limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner shall inform the Court, in writing within ten days, how he wishes to proceed, by completing and signing the check-off form that is attached to the accompanying Order. If this Court does not receive the completed check-off form on or before February 7, 2011, I will prepare a Report and Recommendation based on Petitioner's habeas petition as filed.

An appropriate order follows.

BY THE COURT:

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE